Filed 11/17/14  P. v. Vernon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076572 |
| v. | (Super. Ct. No. 05F03047) |
| WILLIE JAMES VERNON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Willie James Vernon asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

Although it appears defendant appeals from a nonappealable order denying reconsideration of a prior order reducing presentence credit, we will liberally construe the appeal to include the presentence credit order itself.  Either way, however, we lack jurisdiction to consider the matter.  We will dismiss the appeal.

1

# I

Defendant pleaded no contest to gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)),[1] and admitted he personally inflicted great bodily injury on two victims (§ 12022.7, subd. (a)) and had a prior strike conviction (§ 667, subds. (b)-(i)).  The trial court sentenced him on October 7, 2005, to 18 years in prison (12 years for gross vehicular manslaughter while intoxicated, plus two consecutive three-year terms for great bodily injury enhancements) and awarded him 156 days of presentence credit: 104 days of actual credit and 52 days of conduct credit pursuant to section 4019.

More than six years later, in June of 2012, defendant moved for a free copy of the transcript from his criminal proceeding to pursue a habeas corpus petition.  The trial court denied the request because his appellate counsel had previously been provided with a copy and defendant did not state how the transcript would aid in his habeas corpus petition.

The next month, defendant asked the trial court to amend the abstract of judgment and the minute order from the October 2005 sentencing hearing.  He wanted the trial court to impose his sentence enhancements concurrently and to correct the rate at which he earned presentence credits.  The trial court denied the request.

On September 9, 2013, defendant moved for clarification of the rate at which his presentence credit accrues under his plea agreement.  He said the plea agreement permitted him to serve 80 percent of his sentence rather than the statutory 85 percent rate the Department of Corrections and Rehabilitation had been applying.  However, the trial court entered a sua sponte nunc pro tunc order that same day, amending the abstract of judgment to reflect a reduced award of 119 days of presentence custody credit:  104 days of actual credit and 15 days of conduct credit pursuant to section 2933.1.

---

[1]  Undesignated statutory references are to the Penal Code.

More than seven months later, on May 8, 2014, defendant moved for reconsideration of the trial court's order reducing his presentence credit. The trial court denied the motion on May 13, 2014, stating: "This Court has previously considered the issue of Pre-Sentence credits. On September 9, 2013. The abstract was amended to show 104 days of credit and 15 days of conduct credit for a total of 119 days total credit. [¶] No further corrections will be considered."

Defendant filed his notice of appeal on May 22, 2014, stating that he is appealing from an order on an unspecified date pertaining to presentence credit.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

While we encourage defendants to pursue a motion for reconsideration in the trial court before pursuing appellate remedies, "[a]n order denying a motion for reconsideration . . . is not separately appealable." (Code Civ. Proc., § 1008, subd. (g).) Here, we note defendant's notice of appeal does not expressly identify the order from which he is appealing; the notice refers only to an order relating to "pre-sentence credits." However, defendant attached his motion for reconsideration and the order denying that motion to his notice of appeal. Thus, it appears defendant appeals from the nonappealable May 13, 2014 order denying his motion for reconsideration, which does not afford us jurisdiction.

Nonetheless, we liberally construe notices of appeal " 'to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from. . . .' [Citations.] A notice of appeal 'is sufficient if it identifies the particular judgment or order being appealed.' ([Cal. Rules of Court,] [r]ule 8.100(a)(2).)" (*In re Joshua S.*

3

(2007) 41 Cal.4th 261, 272.)  Here, we liberally construe defendant's notice of appeal as identifying the trial court's September 9, 2013 nunc pro tunc order modifying defendant's presentence custody credit as the order from which he appeals.  If that order "is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."  (Code Civ. Proc., § 1008, subd. (g).)

But our liberal construction does not ultimately assist defendant, because we also lack jurisdiction to review defendant's appeal from the September 9, 2013 nunc pro tunc order.  "Except . . . as otherwise provided by law, a notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."  (Cal. Rules of Court, rule 8.308(a).)  That time may be extended if a "valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a)" is filed.  (Cal. Rules of Court, rule 8.108(e).)  To be valid, a motion for reconsideration must be filed within 10 days after service upon the party of written notice of entry of the challenged order and must be "based upon new or different facts, circumstances, or law."  (Code Civ. Proc., § 1008, subd. (a).)

Here, the trial court entered the nunc pro tunc order amending the abstract of judgment on September 9, 2013, and promptly sent a certified copy of the amended abstract reflecting the reduced presentence credit to defendant.  It appears the amended abstract was received in the prison legal processing unit on September 12, 2013. Defendant did not move for reconsideration until more than seven months later, on May 8, 2014, and his motion was not based on any "new or different facts, circumstances, or law."  (Code Civ. Proc., § 1008, subd. (a).)  His motion was not a valid motion for reconsideration.  (Cal. Rules of Court, rule 8.108(e).)

Moreover, a motion for reconsideration only extends the time to appeal "until the earliest of:  (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; (2) 90 days after the first motion to reconsider is filed; or (3) 180 days after entry of the appealable order."  (Cal. Rules

4

of Court, rule 8.108(e).) Even giving defendant every benefit of the doubt regarding timing, he still filed his notice of appeal two months too late. Accordingly, we have no jurisdiction in this matter and we will dismiss the appeal.

In any event, having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The appeal is dismissed.

                                                     _____MAURO_____, J.

We concur:

_____NICHOLSON_____, Acting P. J.

_____HOCH_____, J.